UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

FLORINE HICKS,

        Plaintiff,

  v.

MILWAUKEE COUNTY
TRANSPORT SERVICE, *et al.*,

        Defendants.

Case No. 23-cv-1719-pp

---

**ORDER DENYING MOTION FOR EXTENSION OF TIME TO APPEAL (DKT. NO. 15) AND GRANTING MOTION FOR LEAVE TO APPEAL WITHOUT PREPAYING APPELLATE FILING FEE (DKT. NO. 11)**

---

On October 23, 2024, this court screened the plaintiff's amended complaint and dismissed it for failure to state a claim. Dkt. No. 7. The court entered judgment the same day. Dkt. No. 8. On December 9, 2024, the plaintiff filed a notice of appeal (which she dated December 8, 2024). Dkt. No. 9. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 11.

The next day (December 10, 2024), the Seventh Circuit Court of Appeals issued an order requiring that by December 24, 2024, the plaintiff must file a jurisdictional memorandum explaining why the appeal should not be dismissed as untimely. Hicks v. Milwaukee Cnty. Transp. Serv., Appeal No. 24-3225, Dkt. No. 4 at 1 (7th Cir.). The appellate court's order recounted that the plaintiff had filed her notice of appeal over two weeks past the thirty-day deadline by which

1

to appeal from this court's order of dismissal. Id. The court of appeals informed the plaintiff that if she wanted an extension of time to file her appeal, she must file such a request in the district court "as soon as possible" and include in her jurisdictional memorandum to the Seventh Circuit information regarding the status of her request. Id.

On December 26, 2024, this court received from the plaintiff a request for an extension of time to appeal. Dkt. No. 15. The plaintiff says that the request is based on "Physical Hardship and Misrouting of the U.S. Mail." Id. at 1. She says that she moved "to a very low-income housing which they could afford," but that in doing so, "the mail for the past eight weeks has been misplaced or lost entirely, including mail from the courts, causing appellants to miss deadlines in answering the courts." Id. The plaintiff explains that her "physical hardship" occurred on December 15, 2024, because she was hospitalized for a week due to surgery for blood clots. Id. The plaintiff also filed an affidavit in support of her motion, which was signed but not notarized. Dkt. No. 16.

The court will grant the motion for leave to proceed on appeal without prepaying the appellate filing fee (Dkt. No. 11) but must deny the motion for an extension of time to appeal (Dkt. No. 15).

I.  **Motion for Extension of Time to Appeal (Dkt. No. 15)**

Rule 4(a) of the Federal Rules of Appellate Procedure requires that the party appealing an order or judgment in a civil case file a notice of appeal in the district court within thirty days of the entry of the judgment or order

2

appealed. The court entered judgment on October 23, 2024, so the plaintiff had until November 22, 2024 to file her notice of appeal. The court did not receive her notice of appeal until December 9, 2024, over two weeks late.

The district court may extend the time to file a notice of appeal in two instances. First, the court may extend the time upon a showing of excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A). In that instance, the party must move for an extension no later than thirty days after the expiration of their initial thirty days to appeal (meaning the request for extension must be filed no later than sixty days after the entry of judgment). Id. Alternatively, the district court may reopen the time to file an appeal. Fed. R. App. P. 4(a)(6). To do so, the court must find that the moving party did not receive notice of the entry of judgment within twenty-one days after entry and that no party would be prejudiced. Id. Any motion to reopen must be filed within 180 days after the court enters judgment or within fourteen days after the moving party received notice of the judgment, whichever is earlier. Id.

Under Rule 4(a)(5), the plaintiff had until December 22, 2024 (sixty days after the entry of judgment) to file a request for an extension of time to appeal. The court did not receive the plaintiff's motion for an extension until December 26, 2024, four days late. The court cannot grant an extension request that was not timely filed. Harvey v. Gramley, 37 F.3d 1501 (7th Cir. 1994) ("If the motion [for extension of time to appeal] is not timely made, the district court is not authorized to grant an extension of the appeal period."). Because the plaintiff did not timely file her motion for an extension, the court cannot consider

3

whether there is good cause to extend the time to appeal and must deny the plaintiff's motion.

Even though the plaintiff called her motion a motion for an extension of time to appeal, because the plaintiff is representing herself, the court also will consider whether to treat it as a motion to *reopen* the time to appeal under Rule 4(a)(6). The plaintiff does not say so directly, but one could imagine from the information she supplied in her motion that she meant to argue that due to her recent move, she did not receive this court's order of dismissal and judgment (which the court had mailed to her at her previous address in West Allis). But neither the order of dismissal nor the judgment was returned to the court as undeliverable.

The plaintiff's motion does not explain when she moved. Nor does it say when she received the court's order dismissing her case and the judgment, although she did receive it, because it prompted her to file a notice of appeal. Rule 4(a)(6) requires that a party must file a motion to reopen within 180 days after the court enters judgment or within fourteen days after the moving party received notice of the judgment, whichever is *earlier*. Assuming for the sake of argument that the plaintiff received notice of the judgment on December 8, 2024 and promptly filed her notice of appeal the next day (December 9, 2024), the plaintiff had fourteen days from that date to file a motion to reopen the time to appeal. That means the plaintiff needed to file her motion to reopen by December 23, 2024. The court did not receive her motion until December 26, 2024, three days late (and the motion is dated December 24, 2024—one day

4

*after* the deadline for her to have filed a motion to reopen the appeal period). The court cannot reopen the time to appeal under Rule 4(a)(6) because the plaintiff did not timely file her motion.

Nor can the court construe the untimely notice of appeal itself as an implicit request for an extension of time to appeal. Any request for an extension of time to appeal must be made by formal motion in compliance with the Federal Rules of Civil Procedure. U.S. *ex rel.* Leonard v. O'Leary, 788 F.2d 1238, 1239 (7th Cir. 1986) (quoting the notes of the Advisory Committee on Appellate Rules). And the court cannot make an exception to the rule based on the fact that the plaintiff is representing herself. Id. (no equitable extension available to self-represented litigants).

The court will deny the plaintiff's request for an extension of time to appeal because it was not timely filed under either Rule 4(a)(5) or 4(a)(6).

## II. Motion for Leave to Proceed Without Prepaying Appellate Filing Fee (Dkt. No. 11)

The Federal Rules of Appellate Procedure allow a party who wants to appeal a district court ruling without prepaying the appellate filing fee to file a motion with an affidavit that: (1) shows the party's inability to pay or to give security for fees and costs; (2) claims an entitlement to relief; and (3) states the issues that the party intends to present on appeal. Fed. R. App. P. 24(a)(1). If the district court allowed the party to proceed without prepaying the filing fee, the party may appeal without prepaying the filing fee unless the district court certifies that the party has not appealed in good faith or that the party is not

5

otherwise entitled to proceed without prepaying the filing fee. Fed. R. App. P. 24(a)(3).

This court granted the plaintiff leave to proceed without prepaying the district court filing fee. Dkt. No. 4. That means that the plaintiff may proceed on appeal without prepaying the filing fee unless the court certifies that the appeal is taken in bad faith. An appeal is taken in bad faith when no reasonable person could suppose that the claim has merit. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000). The court has no reason to believe that the plaintiff filed her notice of appeal in bad faith. The court will grant the plaintiff's motion for leave to appeal without prepaying the appellate filing fee.

### III. Conclusion

The court **DENIES** the plaintiff's motion for extension of time to appeal. Dkt. No. 15.

The court **GRANTS** the plaintiff's motion for permission to appeal without prepaying the appellate filing fee. Dkt. No. 11.

Dated in Milwaukee, Wisconsin this 15th day of January, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**